## WATSON et al. v. BARNHILL. (No. 979.)

(Court of Civil Appeals of Texas. Beaumont. May 26, 1923.)

Appeal and error ⚖═773(4)—Where no briefs filed, appellate court may affirm.

Where no briefs are filed for either party and no fundamental error appears, the appellate court may affirm the judgment.

Appeal from District Court, Freestone County; A. M. Blackman, Judge.

Action by J. R. Barnhill against J. A. Watson and others. From an order overruling. a plea of privilege, defendants Watson and Allen appeal. Judgment affirmed.

R. B. Cousins, Jr., of Strawn, for appellants.

Callaway & Shead, of Fort Worth, for appellee.

HIGHTOWER, C. J. The appellee, J. R. Barnhill, as plaintiff below, filed this suit in the district court of Freestone county against the appellants, John A. Watson and C. E. Allen, and also against the First National Bank of Wortham, Tex., as the defendants. The substance of plaintiff's cause of action, as stated in his petition, was as follows:

That defendants Watson and Allen entered into a written contract with plaintiff, by the terms of which they bound themselves to sell and convey to him a certain oil lease, which they claimed to own, for a cash consideration of $5,000. Watson and Allen were to furnish an abstract of title, from which it would appear that the leasehold right which they were to sell to plaintiff was good in them, and plaintiff's attorney was to have 10 days in which to examine the abstract. If defects in the title were found by plaintiff's attorney, Watson and Allen were to have 5 days in which to cure them. Plaintiff was to put up $1,250 cash at the date of the contract with the defendant bank, which he did, and this $1,250 was to be forfeited to Watson and Allen in the event plaintiff should refuse or fail to take the lease as agreed upon. But, in the event Watson and Allen should fail or refuse to meet such defects in title as plaintiff's attorney might point out, then the $1,-250 deposited with defendant bank was to be returned by the bank to plaintiff.

Plaintiff alleged that he, under the terms of the contract, put up with the bank the $1,-250, and that Watson and Allen furnished him the abstract, which was examined by his attorney, who found and pointed out certain defects in the title offered him, and that Watson and Allen failed and refused to cure such defects under the terms of the contract, but that, nevertheless, they would not agree that the defendant bank might return to plaintiff the $1,250, and that the bank, as stakeholder for all parties, had declined to return to plaintiff the $1,250. The prayer was for the $1,250 held by the bank as against all parties defendant.

Watson and Allen filed a plea of privilege to be sued in Johnson county, where they reside. Plaintiff filed a controverting affidavit. The trial court heard and overruled the plea of privilege, and Watson and Allen alone have appealed.

The record discloses no brief on file for either party, and; no fundamental error appearing, we may either dismiss the appeal or affirm the judgment of the trial court, and we have adopted the latter course. It is ordered that the judgment be affirmed.